# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 12, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TROY GREEN,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1238**  (BOR Appeal No. 2048488)
(Claim No. 2013013602)

**SMX,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Troy Green, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. SMX, by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 22, 2013, in which the Board affirmed a June 6, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 4, 2013, decision rejecting Mr. Green's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Green alleges that he was injured in the course of his employment on November 20, 2012, when he tripped over plastic straps left by a coworker on the floor of his work area. George Stanton, a supervisor in Mr. Green's work area, gave a written statement indicating that he was already on the work floor when Mr. Green reported to work on the alleged date of injury. Mr. Stanton stated that he did not observe any straps or anything else out of the ordinary on the work floor, did not see Mr. Green fall, and did not receive a report from Mr. Green that a fall had occurred. Additionally, Roger Lang, the area lead in Mr. Green's work area, gave a written

1

statement indicating that Mr. Green's work area was neat and organized and he did not observe any plastic straps lying on the floor. Finally, Nick Sanders, Mr. Green's co-worker, gave a written statement indicating that on the alleged date of injury, he saw nothing out of the ordinary and was never informed by Mr. Green that an injury had occurred.

Mr. Green sought medical treatment in the days following the alleged injury and reported sustaining a back injury when he tripped over plastic straps left on the floor of his work area, and was consistently diagnosed with a lumbar strain. On January 4, 2013, the claims administrator rejected Mr. Green's application for workers' compensation benefits. On April 25, 2013, Mr. Green testified before the Office of Judges that the employee allegedly responsible for leaving the plastic straps on the floor witnessed Mr. Green fall and immediately apologized for leaving the straps on the floor. Additionally, Mr. Green testified that he immediately reported the incident to his area supervisor. However, Mr. Green was unable to recall either the name of the witness or his area supervisor. Monkia Lewis, account manager for SMX, also testified before the Office of Judges and stated that she investigated the alleged incident. Ms. Lewis further testified that Mr. Stanton and Mr. Sanders, who worked closely with Mr. Green, did not observe any debris on the floor at the alleged time of the injury. Additionally, she testified that William Chan, who Mr. Green initially identified as the employee responsible for leaving the straps on the floor, was not working in the same area as Mr. Green at the alleged time of injury. Finally, Ms. Lewis testified that her investigation revealed no evidence that plastic straps were left anywhere on the floor of the work area and that there are no witnesses supporting Mr. Green's allegation.

In its Order affirming the January 4, 2013, claims administrator's decision, the Office of Judges held that the preponderance of the evidence fails to demonstrate that Mr. Green sustained a compensable injury in the course of and resulting from his employment. The Office of Judges found that Mr. Green's testimony is unpersuasive in light of the written statements from his coworkers. The Office of Judges took note of Mr. Chan's written statement indicating that he was not in Mr. Green's work area at the time of the alleged incident, during which time Mr. Green testified that they had a verbal exchange. Further, the Office of Judges relied on the written statements of Mr. Sanders, Mr. Lang, and Mr. Stanton, all of whom were in Mr. Green's work area at the time of the alleged incident and did not see Mr. Green fall or observe any debris on the floor. The Board of Review reached the same reasoned conclusions in its decision of November 22, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 12, 2014**

2

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II